# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

RICHARD B. KING, JR., RENEE
POOLE KING, AND KYLE L. KING

versus

CIVIL ACTION NO. 10-1774
JUDGE TOM STAGG

TAMMY R. MARTIN AND AMY L.
CARLISLE

## ORDER

Before the court is a motion in limine filed by the plaintiffs, Richard B. King, Jr., Renee Poole King, and Kyle L. King ("the Kings"). See Record Document 91. The Kings seek to exclude the testimony of Dian Tooley-Knoblett ("Tooley-Knoblett"), an expert witness retained by the defendants, Tammy R. Martin and Amy L. Carlisle ("the Sellers") to render an opinion on two agreements entered into by the Sellers.

The Kings argue that Tooley-Knoblett's testimony is inadmissible under Rule 702 of the Federal Rules of Evidence because she offers legal opinions as to whether the Sellers committed civil fraud. See Fed. R. Evid. 702(a); C.P. Interests, Inc. v. Cal. Pools, Inc., 238 F.3d 690, 697 (5th Cir. 2001) (expert witnesses not permitted to offer conclusions of law). They base their argument on a portion of Tooley-Knoblett's

expert report in which she concludes that, "the agreements entered into by the sellers [. . .]are neither fraudulent nor illegal." Record Document 91 at Ex. 1. The Sellers counter that Tooley-Knoblett will not offer legal conclusions but merely testify that the practices employed by the Kings are customary in Louisiana real estate transactions.

A ruling on the Kings' motion is premature at this time. As Tooley-Knoblett has not yet been deposed, this court cannot ascertain the content of her proposed testimony, and therefore, cannot determine whether she will attempt to offer inadmissible legal opinions solely on the basis of her expert report.[1] However, the Kings may reurge the motion in limine after Tooley-Knoblett has been deposed.

**IT IS ORDERED** that the plaintiff's motion in limine (Record Document 91) is **DENIED** as premature.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 5th day of December, 2012.

_____
JUDGE TOM STAGG

---

[1] See e.g. Bailey v. Formosa Plastics Corp., USA, 1997 WL 417297, at *1 (E.D. La. July 23, 1997) (finding a motion in limine premature where expert deposition had not been taken because moving party's concerns were "speculative and may not be borne out by witnesses' actual testimony").